UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN'S PARTY STORE, INC.,

    Plaintiff,

v.                                         Case No. 10-14502

UNITED STATES OF AMERICA
DEPARTMENT OF AGRICULTURE,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is a motion to dismiss, filed by Defendant U.S. Department of Agriculture on March 21, 2011. Plaintiff Ryan's Party Store, Inc., submitted a response on April 4, 2011, and Defendant replied on April 19, 2011. Having reviewed the briefs, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, Defendant's motion will be granted and this matter will be dismissed.

**I. BACKGROUND**

Plaintiff has operated as a grocer and supermarket in Port Huron, Michigan, for eleven years. Until recently, it participated in both the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC") and the Supplemental Nutrition Assistance Program ("SNAP," formerly known as the Food Stamp Program), administered the Michigan Department of Community Health and the Department of Agriculture's Food and Nutrition Service ("FNS"), respectively. The programs are linked by statute such that the FNS is required to disqualify from SNAP any participant disqualified from WIC, unless the FNS imposes an alternative civil money penalty after

determining that disqualification would create a hardship for SNAP beneficiaries. 7 U.S.C. § 2021(g)(1); 7 C.F.R. § 278.6(e)(8). These two programs comprised a substantial part of Plaintiff's business, serving customers in an area particularly affected by the national economy.

In 2008 investigators made three test purchases from Plaintiff that resulted in fraudulent overcharges. Plaintiff asserts that these overcharges were the result of employee theft, and Defendant does not contest the assertion. Regardless of the cause, however, the State of Michigan disqualified Plaintiff from the WIC program for three years. On March 6, 2009, the FNS notified Plaintiff of a three-year disqualification from the SNAP program based upon its disqualification from the WIC program. Plaintiff sought administrative review of the disqualification, requesting a civil money penalty as authorized by 7 C.F.R. 278.6(f). The FNS declined to impose the discretionary alternative penalty in lieu of disqualification on October 14, 2010. (Complaint Ex. I.) Plaintiff thereafter brought suit in this court on November 10, 2010, seeking judicial review of the administrative determination denying a civil money penalty.

## II. STANDARD

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison,* 1 Cranch 137, 173-180 (1803)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In response to a Rule 12(b)(1) motion, the plaintiff bears the

burden of proving jurisdiction." *E.E.O.C. v. Hosanna-Tabor Evangelical Lutheran Church & Sch.*, 597 F.3d 769, 776 (6th Cir. 2010).

Jurisdictional challenges under Rule 12(b)(1) can be either facial or factual. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996). A facial challenge is directed at the allegations in the complaint, which the court must accept as true. *Id.* at 1134. Factual challenges rely on matters outside of the pleadings and, unlike motions under Rule 12(b)(6), "the court is empowered to resolve factual disputes." *Id.* at 1135 ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.").

### III.  DISCUSSION

Defendant moves to dismiss the above-captioned matter for lack of jurisdiction. Plaintiff responds by claiming jurisdiction pursuant to 7 U.S.C. § 2023(a)(13), which states that a SNAP participant "may obtain judicial review [of a final determination of the FNS] by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business." As Plaintiff notes, this court has jurisdiction to review whether the FNS acted within its authority in determining the sanction imposed. *See Goldstein v. United States*, 9 F.3d 521, 523 (6th Cir. 1993). This court does not, however, have jurisdiction to review the determination itself. *Id.*

Plaintiff's complaint seeks judicial review of the FNS decision to disqualify Plaintiff from SNAP for three years pursuant to 7 U.S.C. § 2021(g)(1), rather than applying the alternative sanction of a civil money penalty. That subsection authorizes

and requires the FNS to establish criteria for disqualification from SNAP following disqualification from WIC. The regulations promulgated under this authority are contained in 7 C.F.R. § 278.6(e)(8). In relevant part, this regulation states that "FNS *shall* disqualify" a SNAP participant that has been disqualified from the WIC program on the basis of "a pattern of claiming reimbursement" in amounts exceeding the listed inventory price of the items sold. 7 C.F.R. § 278.6(e) (emphasis added). Under this statutory authority and pursuant to this regulation, the FNS temporarily disqualified Plaintiff from participation in SNAP. This court has no jurisdiction to review the disqualification because Congress expressly forbade judicial review of such disqualifications. Although judicial review of SNAP disqualification determinations is generally allowed, § 2021 states that reciprocal disqualifications under "shall not be subject to judicial or administrative review." 7 U.S.C. § 2021(g)(2). Therefore, the court is without jurisdiction to review the disqualification imposed if it lies "within the bounds of [the FNS's] lawful authority." *Goldstein*, 9 F.3d at 523.

Plaintiff's contention that the disqualification is reviewable because the FNS failed to follow its own regulations is unavailing. Although Plaintiff correctly notes that "FNS *may* impose a civil money penalty as a sanction in lieu of disqualification when . . . disqualification would cause hardship to food stamp households because there is no other authorized retail food store *in the area* selling as large a variety of staple food items at comparable prices," 7 C.F.R. § 278.6(f)(1) (emphasis added), failure to impose a civil money sanction is not beyond the FNS's lawful authority. First, it must be noted that the authority to impose a civil money penalty is permissive, not mandatory. *Bakal Brothers v. United States*, 105 F.3d 1085, 1088 (6th Cir. 1997); *Goldstein*, 9 F.3d at

4

524. Second, Plaintiff's contention that disqualification would cause hardship is not a matter for this court. The determination of an appropriate sanction to apply is left to the administrative agency, unless the sanction imposed is "unwarranted in law or without justification in fact." *Goldstein*, 9 F.3d at 523 (citing *Woodard v. United States*, 725 F.2d 1072, 1077 (6th Cir. 1984)). In denying Plaintiff's request for a civil money penalty, the FNS administrative review officer relied upon the policy determination of the FNS that the appropriate area for comparison is a one-mile radius. (Complaint Ex. I, at 4.) Nothing in the regulations or authorizing statute requires a different determination, nor is there any requirement that the FNS consider the unsworn letters from SNAP benefit recipients. Finally, Plaintiff argues that there are no comparable authorized retailers within a one-mile radius. This alternative factual assertion was rejected by the FNS, which found it both facially insufficient and unpersuasive. Again, Plaintiff has failed to clear the extremely high hurdle imposed by statute. Accordingly, the court must dismiss this case for want of jurisdiction.

## IV. CONCLUSION

IT IS ORDERED that "Defendant's Motion to Dismiss" [Dkt. # 9] is GRANTED and this matter is DISMISSED WITH PREJUDICE.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 12, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522